[PHILADELPHIA, JANUARY 18th, 1837.]

## WHELAN *against* HILL.

### IN ERROR.

A judgment for the defendant, in a personal action by a mechanic or material man, against the owner of a building, is a bar to a *scire facias* against the same person, on a claim filed in the Common Pleas, by the same plaintiff against the building.

WRIT of error to the Court of Common Pleas, for the City and County of Philadelphia.

In the Court below, Edward Whelan issued a *scire facias* under the mechanics' lien-law, against Edwin J. Hill, upon a claim filed on the 15th of November, 1834, for $19 95; being for stone furnished by the plaintiff, for the construction of a certain building owned by the defendant.

On the 16th of December, 1834, the plaintiff instituted a personal action against the defendant, before an alderman, who after hearing the parties, gave judgment for the defendant.

The *scire facias* on the claim, was issued on the 13th May, 1835. The defendant pleaded in bar, the former judgment in his favour, given by the alderman; to which the plaintiff demurred; and the Common Pleas gave judgment for the defendant on the demurrer.

The plaintiff having removed the record to this Court, assigned the following errors:

" 1. The Court below erred, in deciding that the judgment of the alderman was conclusive between the parties in this cause.

2. The Court below erred, in entering judgment for the defendant, upon the demurrer to his plea."

(Whelan v. Hill.)

Mr. *G. M. Wharton*, for plaintiff in error.   The judgment of the magistrate is not conclusive, because it was not between the same parties.   The claim is against the building, *in rem*—the action before the alderman, was against the defendant *in personam*.   *Savoy* v. *Jones*, (2 *Rawle*, 350.)   There may have been no contract with the owner personally, and yet the building may be liable.   In *Hampton* v. *Broom*, (1 *Miles*, 241,) the District Court held that a judgment for the defendants in a suit against *A.* owner, and B. contractor, was not a bar to a suit by the same plaintiff, against *C.* owner, and B. contractor.   In *Thompson's case*, (2 *Browne*, 297,) it was held by the same Court, that the entry of judgment upon a bond, by warrant of attorney, did not invalidate the lien.   It is true that the case of *Williams* v. *Tierney*, (8 *Serg. & Rawle*, 59,) throws some doubt upon the point; but this Court has never decided it. *Lewis* v. *Morgan*, (11 *Serg. & Rawle*, 237.)

The Court declined hearing Mr. *A. A. Browne*, for the defendant in error.

PER CURIAM.—The action before the alderman, was between the same parties, and essentially for the same cause of action.   It was brought to enforce the defendant's personal liability on the original contract, which was adjudged to have been discharged, had it ever existed; and if the debt was discharged, the lien which secured it, being an accessary, was discharged also.   A judgment for the defendant in an action on a bond secured by a mortgage, would discharge the mortgage, and why not discharge the lien here?   The point of indebtedness was directly decided by the alderman; and it can never be drawn in question again, between the same parties or their privies.

Judgment affirmed.